PORT OF SEATTLE v. OREGON & W. R. CO. et al.

(District Court, W. D. Washington, N. D. May 8, 1917.)

No. 118–E.

1. REMOVAL OF CAUSES ⚙══86(6)—PETITION FOR REMOVAL—AMOUNT IN CONTROVERSY.

Where no issue was taken as to the averment in a petition for removal of an action to the federal court that the amount in controversy exceeded $3,000, such averment must be considered conceded.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 175.]

2. INJUNCTION ⚙══114(1)—PARTIES—REAL PARTY IN INTEREST—TIDELANDS—STATE.

Under Laws Wash. 1913, p. 584, declaring that, where waterways covering tidelands are within the territorial limits of any port district, the duties assigned to the state land commissioner shall be exercised by the port commission of such district, the rentals being apportioned between the county treasurer and the state treasurer, and that nothing shall confer upon, create, or recognize in any abutting owner any right or privilege to such property, the state has no interest in tidelands located within a port district, and hence, in a suit by the district to enjoin one asserting ownership from exercising control over such lands, is not a party in interest.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 202.]

3. REMOVAL OF CAUSES ⚙══48—SEPARABLE CONTROVERSY—PARTY IN INTEREST.

A railroad company executed a lease to abutting tidelands, but its tenant attorned to the port district in which the lands were located. The port district sued the railroad company and its tenant, praying that the railroad company be enjoined from exercising any control over the lands, and that an accounting be had between the company and its tenant. Held that, as the port district could obtain no greater relief against the tenant than had been secured by the attornment, the tenant was not a necessary party, and the controversy was separable, so that the railroad company, which was a citizen of a state other than that of which the port district and the tenant were citizens, might remove the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94.]

4. REMOVAL OF CAUSES ⚙══74—AMOUNT INVOLVED—LEASE OF PROPERTY.

Where the prayer of a complaint was to enjoin defendant from exercising control over land forever, and not for the time for which it was demised, the value of the land, and not the rents reserved by the lease, fixes the amount in controversy.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 130, 131.]

At Law. Bill by the Port of Seattle against the Oregon & Washington Railroad Company and another. The action was removed to the federal court on petition of the first-named defendant. On motion to remand. Motion denied.

C. J. France, of Seattle, Wash., for plaintiff.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for moving defendant.

⚙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

NETERER, District Judge. The Seattle port commission has filed a bill of complaint against the defendants, in which it seeks to enjoin the defendant Oregon & Washington Railroad Company from exercising any jurisdiction over a certain waterway abutting upon property in Seattle described in the bill of complaint, and also a plea directing that the Oregon & Washington Railroad Company reform a certain lease executed to J. F. Duthie & Co. covering certain tidelands, and for certain accounting between the defendant companies. Petition for removal is filed by the defendant Oregon & Washington Railroad Company on the ground of diverse citizenship and separable controversy, alleging that the amount involved is in excess of $3,000.

[1] It is contended on the part of the plaintiff that Duthie & Co. is a Washington corporation, and hence the cause is not removable on the ground of diverse citizenship. It is also contended that the rental value of the land involved, as shown by the lease attached to the complaint and made a part thereof, is $1,728.96, and, further, that the state of Washington is a real party in interest, in that it reserved interest in tidelands, pursuant to the provisions of chapter 168, Laws Wash. 1913, and that it has legislated with relation to the use of water areas between the boundaries thereof and government pier lines, and provided for disposition of receipts therefrom. The moving defendant contends that the amount involved is in excess of $3,000; and, no issue being taken to the allegations of the petition for removal, that must be conceded, and likewise that there is a separable controversy, that is disclosed by the face of the complaint, and that Duthie & Co. is not a real party in interest, and, further, that the state of Washington is not a party to this proceeding, nor is it the real party in interest.

[2] There is nothing disclosed upon the face of the complaint or the petition for removal which would indicate to the court any interest in the controversy on the part of the state of Washington, but on argument the court's attention was called to Session Laws 1913, supra, and the thought emphasized that the entire control of the waterway and the lands in dispute is in the state, and, such being the fact, that the state is the real party in interest. On page 584, Laws 1913, supra, it is provided:

"In any case where such waterway shall be within the territorial limits of the port district given under the laws of the state of Washington, the duties herein assigned to the state land commissioner shall be exercised by the port commission of such port district, and in every case the rentals received shall be disposed of as follows. * * *"

And it is then provided that 75 per cent. shall be paid to the county treasurer in which the district is situated and 25 per cent. to the state treasurer. It further provides that:

"Nothing herein contained shall confer upon, create or recognize in any abutting owner any right or privilege in or to any strip of waterway abutting any street and between prolongations of the lines of such streets, but the control of right to use such strip is hereby reserved to the state of Washington, except that in cases situated in a port district such control and use shall vest in such port district."

From an examination of the act I think it is apparent that it was the intent and purpose of the state that all interest of the state was vested

in the port district, and hence the state, so far as the issue here is concerned, is not a party in interest.

[3] I think there is a separable controversy. I do not think that Duthie & Co. is a real party in interest. Whatever interest Duthie & Co. asserted by reason of the lease from the Oregon & Washington Railroad Company was surrendered to the port of Seattle by attorning to it in the execution of the lease with the port of Seattle. All of the rights which the port of Seattle could hope to obtain from Duthie & Co. by decree of the court already are vested in it by the operation of the lease executed voluntarily by the said defendants. Hence the defendant Duthie & Co. is not a party in interest to determine the issue between the port of Seattle and the defendant Oregon & Washington Railroad Company. If an accounting is necessary between the Oregon & Washington Railroad Company and Duthie & Co., that is a concern of theirs, and not of the port of Seattle; nor is the court concerned about that in this case.

[4] The amount involved the court must find to be in excess of $3,-000. The rental value of the property in dispute for three years is not the criterion of the value of the property. The object of the prayer of the complainant is not to enjoin the defendant from exercising acts of ownership over the land in dispute for the period of the lease, but forever. Hence, in view of the allegations of the petition for removal as to value, the court must find that the value is such as to bring it within the jurisdiction of this court.

The motion to remand is denied.